LAW OFFICES OF MORALES & LEANOS
Alfredo M. Morales, Esq. (SBN 69204)
ammlaw@pacbell.net
75 E. Santa Clara Street, Suite 250
San Jose, CA  95113
Telephone:   (408) 294-5400
Facsimile:   (408) 294-7102

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA SILOS, an indvidual; STEVEN JUAREZ JR., an individual and as successor in interest to Steven Juarez, deceased; ANDREW JUAREZ, an individual and as successor in interest to Steven Juarez, deceased; CATRINA MOLINA, an individual and as successor in interest to Steven Juarez, deceased; C.J., a minor, as successor in interest to Steven Juarez, deceased, by and through his guardian *ad litem* Catrina Molina; S.J., a minor, as successor in interest to Steven Juarez, deceased, by and through his guardian *ad litem*, Catrina Molina; N.J., a minor, as successor in interest to Steven Juarez, deceased, by and through his guardian *ad litem*, Augustina Armendariz,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF GILROY, MICHAEL McMAHON individually and as an officer of the Gilroy Police Department, DAVID | Case No.:  19-CV-01283<br><br>COMPLAINT FOR DAMAGES<br><br>1. Unreasonable Search and Seizure— Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure— Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure— Denial of Medical Care (42 U.S.C. § 1983);<br>4. Substantive Due Process<br>5. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>6. False Arrest/ False Imprisonment<br>7. Battery<br>8. Negligence<br>9. Bane Act (Cal. Civil Code 52.1)<br><br><br>**JURY TRIAL DEMANDED** |

LUDDEN, individually and as an officer of the Gilroy Police Department, CHRIS SILVA individually and as an officer of the Gilroy Police Department, JASON GREATHEAD individually and as an officer of the Gilroy Police Department, MARTIN BELTRAN individually and as an officer of the Gilroy Police Department, DIANA BARRETT individually and as an officer of the Gilroy Police Department, KENNETH ELLSWORTH individually and as an officer of the Gilroy Police Department, and DOES 1-10, inclusive,

Defendants.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## COMPLAINT FOR DAMAGES

Come now Plaintiffs, MARTHA SILOS an individual; STEVEN JUAREZ, JR., an indvidual and as successor in interest to Steven Juarez, deceased; ANDREW JUAREZ, an individual and as successor in interest to Steven Juarez, deceased; CATRINA MOLINA, an individual and as successor in interest to Steven Juarez, deceased; C.J., a minor, as successor in interest to Steven Juarez, deceased, by and through his guardian *ad litem* Catrina Molina; S.J., a minor, as successor in interest to Steven Juarez, deceased, by and through his guardian *ad litem*, Catrina Molina; N.J., a minor, as successor in interest to Steven Juarez, deceased, by and through his guardian *ad litem*, Augustina Armendariz, for their complaint against Defendants, CITY OF GILROY, Gilroy Police Officers Michael McMahon, David Ludden, Chris Silva, Jason Greathead, Martin Beltran, Diana Barrett and Kenneth Ellsworth , and DOES 1-10, inclusive, hereby allege as follows:

## PARTIES

1.     At all relevant times, STEVEN JUAREZ, deceased ("DECEDENT"), was an individual residing in the County of Santa Clara, California.

2.     Plaintiff MARTHA SILOS ("SILOS") is the mother of DECEDENT.  At all relevant times, SILOS resided and currently resides in the County of Santa Clara, California.  SILOS sues in her individual capacity as the mother of DECEDENT.  In her individual capacity in this suit, SILOS seeks wrongful death damages under state and federal law.

3.     Plaintiff STEVEN JUAREZ, JR. ("STEVEN"), is the adult son of DECEDENT. STEVEN resides in Billings, Montana. STEVEN sues in his individual capacity for his own damages and for survival damages in his capacity as successor in

interest to his father, DECEDENT. STEVEN seeks wrongful death and survival damages under federal and state law.

4.     Plaintiff ANDREW JUAREZ ("ANDREW"), is the adult son of DECEDENT. ANDREW resides in San Francisco, California. ANDREW sues in his individual capacity for his own damages and for survival damages in his capacity as successor in interest to his father, DECEDENT. ANDREW seeks wrongful death and survival damages under federal and state law.

5.     Plaintiff CATRINA MOLINA ("CATRINA"), is the wife of the DECEDENT. At all relevant times, CATRINA resided and currently resides in the County of Santa Clara, California.  CATRINA sues in her individual capacity for her own damages and for survival damages in her capacity as successor in interest to her husband, DECEDENT. CATRINA seeks wrongful death and survival damages under federal and state law.

6.     Plaintiff C.J., is the minor son of DECEDENT.  C.J. resides in the County of Santa Clara, California.  C.J. sues by and through his guardian *ad litem*, who is his mother, Catrina Molina. C.J. sues in his individual capacity for his own damages and for survival damages in his capacity as successor in interest to his father, DECEDENT. C.J. seeks wrongful death and survival damages under federal and state law.

7.     Plaintiff S.J. is the minor son of DECEDENT.  S.J. resides in the County of Santa Clara, California.  S.J. sues by and through his guardian *ad litem*, who is his mother, Catrina Molina. S.J. sues in his individual capacity for his own damages and for survival damages in his capacity as successor in interest to his father, DECEDENT. S.J. seeks wrongful death and survival damages under federal and state law.

8.     Plaintiff N.J. is the minor son of DECEDENT.  N.J. resides in Billings, Montana.  N.J. sues by and through his guardian *ad litem*, who is his Aunt, Augustina Armendariz.  N.J. sues in his individual capacity for his own damages and for survival

damages in his capacity as successor in interest to his father, DECEDENT.  N.J. seeks wrongful death and survival damages under federal and state law.

9.      At all relevant times, Defendant CITY OF GILROY ("CITY") is and was a duly organized public entity existing under the laws of the State of California.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the GILROY POLICE DEPARTMENT ("GPD") and its agents and employees. At all relevant times, CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the GPD employees and agents complied with the laws of the United States and the State of California. At all relevant times, CITY was the employer of Defendants DOES 1-10.

10.     At all relevant times, Defendants Michael McMahon, David Ludden, Chris Silva, Jason Greathead, Martin Beltran, Diana Barrett and Kenneth Ellsworth ("DEFENDANT OFFICERS") were police officers working for the GPD. DEFENDANT OFFICERS were acting under color of law within the course and scope of their duties as police officers for the GPD. DEFENDANT OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

11.     At all relevant times, Defendants DOES 1-5 ("DOE OFFICERS) were police officers working for the GPD. DOE OFFICERS were acting under color of law within the course and scope of their employment with the CITY, including the GPD. DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

12.     At all relevant times Defendants DOES 6-10 ("SUPERVISORY DOES") were and are managerial, supervisorial, and policy making employees of the GPD, who were acting under color of law within the course and scope of their employment. SUPERVISORY DOES were acting with the complete authority and ratification of their principal, Defendant CITY.

13.     On information and belief, DEFENDANT OFFICERS and DOES 1-10 are residents of the County of Santa Clara.

14.     In doing the acts and failing and omitting to act as hereinafter described, DEFENDANT OFFICERS and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

15.     The true names of defendants DOES 1-10, inclusive, are unknown to Plaintiffs at this time. Plaintiffs therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

16.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

17.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

18.     DEFENDANT OFFICERS and DOES 1-10 are sued in their individual capacities and as officers of the GPD.

19.     On August 17, 2018, Plaintiffs filed a comprehensive and timely claim for damages with the CITY pursuant to applicable sections of the California Government Code. A written rejection of their claim was mailed on or about September 18, 2018. Therefore, Plaintiffs have complied with the California claims statutes.

20.     Plaintiffs were financially dependent upon DECEDENT, to some extent, for the necessities of life.

## JURISDICTION AND VENUE

21.     This civil action is brought for the redress of alleged deprivations of rights under the laws of the State of California and of constitutional rights protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1334, and 1367.

22.     Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Santa Clara, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

23.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.     On February 25, 2018, at approximately 10:00 p.m., DEFENDANT OFFICERS were dispatched to the 7400 block of Chestnut Street in Gilroy, California to investigate a report of a suspicious person.  At the time said DEFENDANT OFFICERS arrived at the 7400 block of Chestnut Street, DECEDENT was walking on Chestnut Street.

25.     Upon observing DECEDENT, the DEFENDANT OFFICERS issued unlawful commands for DECEDENT to stop walking. DECEDENT did not stop and instead attempted to leave the area. Thereafter, DEFENDANT OFFICERS pursued DECEDENT on foot.  DEFENDANT OFFICERS caught up to DECEDENT and, while working under the color of law and in the course and scope of their duties as officers for the CITY, forced him to the ground and physically beat DECEDENT with their hands, fists, feet and batons. DEFENDANT OFFICERS additionally employed the use of a taser stun-gun multiple times to electrocute DECEDENT. At least one of the DEFENDANT OFFICERS, while attempting to employ a neck hold known as a

carotid restraint, instead choked DECENDENT in a manner that restricted the airway of DECEDENT. DECEDENT died as a result of the unlawful, unnecessary, excessive and deadly force employed by the DEFENDANT OFFICERS as described above.

26.     DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time he was subdued as described above. DEFENDANT OFFICERS had no information that DECENDANT was armed and further DECENDENT never brandished nor employed a weapon during the entirety of this incident. DECEDENT did not physically or verbally threaten or challenge the DEFENDANT OFFICERS, nor violently resist the DEFENDANT OFFICERS. DECEDENT had done nothing to merit the unlawful and excessive action taken by the DEFENDANT OFFICERS.

27.     After being beaten, tased and choked, DECEDENT was immobile, and in obvious and critical need of emergency medical care and treatment.  DEFENDANT OFFICERS did not timely summon medical care or permit medical personnel to treat DECEDENT immediately.  The delay of medical care to DECEDENT caused him extreme physical and emotional pain and suffering and contributed to his damages. DECEDENT succumbed to his wounds and eventually died at the scene, losing his life and earning capacity.

28.     At the time of this incident, DECEDENT was married to CATRINA and was a 42-year old father of five children, to wit, Plaintiffs STEVEN, ANDREW, N. J., S.J and C.J.  Plaintiffs CATRINA, STEVEN, ANDREW, N. J., S.J and C.J. are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the spouse and natural children of DECEDENT.

///

///

# FIRST CLAIM FOR RELIEF

## Fourth Amendment—Detention and Arrest (42 U.S.C. §1983)

(By Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. against DEFENDANT OFFICERS)

29.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.     The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.   42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

31.     DEFENDANT OFFICERS did not observe DECEDENT commit any crime, nor did DEFENDANT OFFICERS have any information that DECEDENT was armed.  When DEFENDANT OFFICERS approached DECEDENT, DECEDENT was a pedestrian on a public street.

32.     When DEFENDANT OFFICERS beat, tased and choked DECEDENT they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33.     The conduct of DEFENDANT OFFICERS violated DECEDENT's right to be free from unreasonable search and seizure, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.     As a result of their misconduct, DEFENDANT OFFICERS are liable for DECEDENT's injuries.

35.     The conduct of DEFENDANT OFFICERS in unreasonably detaining and arresting DECEDENT (up to and including the beating, tasing and choking) was

willful, wanton, malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

36.     Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. §1983)

(By Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J.  against DEFENDANT OFFICERS)

37.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38.     DEFENDANT OFFICERS used excessive force against DECEDENT when they beat, tased and choked DECEDENT.  DEFENDANT OFFICERS' unjustified beating, tasing and choking deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

40.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT,

and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

41. The beating, tasing and choking was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the beating, tasing and choking. Further, DEFENDANT OFFICERS' use of deadly force violated their training and standard police officer training.

42. Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## **THIRD CLAIM FOR RELIEF**

**Fourth Amendment—Denial of Medical Care (42 U.S.C. §1983)**

(By Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. against DEFENDANT OFFICERS)

43. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. The denial of medical care by DEFENDANT OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

46.     DEFENDANT OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

47.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

48.     As a result of their misconduct in denying DECEDENT timely medical care, DEFENDANT OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

49.     Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. §1983)

(By all Plaintiffs against DEFENDANT OFFICERS)

50.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.     The substantive due process clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful

state interference with their familial relations.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

52.     Plaintiff SILOS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

53.     Plaintiff CATRINA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her husband, DECEDENT.

54.     Plaintiffs STEVEN, ANDREW, C.J. S.J., and N.J.  had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their father, DECEDENT.

55.     DECEDENT had had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

56.     The aforementioned actions of DEFENDANT OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm, unrelated to any legitimate law enforcement objective.

57.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. DEFENDANT OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

58.     As a direct and proximate cause of the acts of DEFENDANT OFFICERS, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, including financial support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

59.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

60.     Plaintiff SILOS brings this claim in her individual capacity and seeks wrongful death damages under this claim.  Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. bring this claim in each case individually and as a successor-in-interest to the to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. §1983)

(By All Plaintiffs against Defendant CITY and SUPERVISORY DOES)

61.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.     DEFENDANT OFFICERS acted under color of law.

63.     The acts of DEFENDANT OFFICERS deprived Plaintiffs of their particular rights under the United States Constitution.

64.     The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

65.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.  Specifically, the CITY failed to adequately train its officers with regard to the use of unreasonable and excessive force, particularly deadly force, and the immediate need to use deadly force.

66.     The failure of Defendant CITY to provide adequate training caused the deprivation of the Plaintiffs' rights by DEFENDANT OFFICERS that is, Defendant CITY's failure to train is so closely related to the deprivation of DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

67.     By reason of the aforementioned acts and omissions, DECEDENT suffered serious bodily injury, emotional distress, a loss of life, and a loss of earning capacity.  The aforementioned acts and omissions also caused Plaintiffs SILOS, CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J.  severe emotional distress and financial loss as a result of the loss of their father and son, Steven Juarez. Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

68.     Plaintiff SILOS brings this claim in her individual capacity and seeks wrongful death damages under this claim.  Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

# SIXTH CLAIM FOR RELIEF

## False Arrest/False Imprisonment

### (By All Plaintiffs against DEFENDANT OFFICERS)

69.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70.     DEFENDANT OFFICERS, while working as police officers for the CITY and acting within the course and scope of their employment, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  DEFENDANT OFFICERS detained DECEDENT without reasonable suspicion and, on information and belief, arrested him without probable cause.

71.     DECEDENT did not knowingly or voluntarily consent.

72.     The conduct of DEFENDANT OFFICERS was a substantial factor in causing the harm to DECEDENT and Plaintiffs.

73.     Defendant CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

74.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

75.     As a result of their misconduct, DEFENDANT OFFICERS are liable for Plaintiffs' injuries.

76.     Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

Plaintiff SILOS brings this claim individually based on her financial dependancy on DECEDENT and seeks wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code §820 and California Common Law)

(Wrongful Death)

(By all Plaintiffs against DEFENDANT OFFICERS)

77.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78.     DEFENDANT OFFICERS, while working as a Police Officers for the CITY and acting within the course and scope of their duties, intentionally beat, tased and choked DECEDENT. The beating, tasing and choking constituted the requisite "touching" element, as well as a use of unreasonable force against DECEDENT to which DECEDENT did not consent. As a result of the actions of DEFENDANT OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. DEFENDANT OFFICERS had no legal justification for using force against DECEDENT, and DEFENDANT OFFICERS' use of force was unreasonable.

79.     As a direct and proximate result of DEFENDANT OFFICERS' conduct as alleged above, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

80.     CITY is vicariously liable for the wrongful acts of the individual defendants pursuant to section 815.2(a) of the California Government Code, which

provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

81.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually, to an award of exemplary and punitive damages.

82.     Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff SILOS brings this claim in her individual capacity and seeks wrongful death damages. Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## EIGHTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code §820 and California Common Law)

(Wrongful Death)

(By all Plaintiffs against all Defendants)

83.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

84.     Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

85.     DEFENDANT OFFICERS and DOES 1-10 breached this duty of care. Upon information and belief, the actions and inactions of DEFENDANT OFFICERS and DOES 1-10 were negligent and reckless, including but not limited to:

a) the failure to properly and adequately assess the need to stop, detain, seize, arrest and/or use force or deadly force against DECEDENT;

b) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

c) the failure to provide prompt medical care to DECEDENT;

d) the failure to properly train and supervise employees, both professional and non-professional, including DEFENDANT OFFICERS and DOES 1-10;

e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of scenarios that GPD officers would frequently and routinely encounter, such as this encounter with DECEDENT;

f) failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

g) the negligent handling of evidence and witnesses;

h) the negligent communication of information during the incident;

86.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

87.    CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS and DOES 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

88.    Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. bring this claim in each case individually and as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff SILOS brings this claim in her individual capacity and seeks wrongful death damages.  Plaintiffs also seek funeral and burial expenses, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit under this claim.

### NINTH CLAIM FOR RELIEF

**Violation of Cal. Civ. Code §52.1 and California Common Law**

(By all Plaintiffs against DEFENDANT OFFICERS)

89.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.    The California Civil Code, Section 52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated.  Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal. App. 4th 968, 977 (2013) (an unlawful seizure—when accompanied by unnecessary, deliberate and excessive force—is within the protection of the Bane Act.).

91.     DEFENDANT OFFICERS violated DECEDENT's Fourth Amendment rights to be free from unreasonable seizures when they detained him and used deadly force against him without any warning and killing him.  There was no confirmation that DECEDENT had committed any crime, and DEFENDANT OFFICERS had no information that DECEDENT committed any crime that warranted their use of the highest level of force and most severe deprivation of liberty possible—deadly force. At the time the deadly force was employed, DECEDENT was not threatening or attempting to harm anyone. Further DEFENDANT OFFICERS did not have any information that DECEDENT was armed and DECEDENT never brandished nor employed a weapon during the entirety of this incident.

92.     The conduct of DEFENDANT OFFICERS was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT. As a result of the unjustified use of deadly force, DECEDENT was caused to suffer severe pain and suffering and ultimately died for which he, through Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J., as his successors in interest, is entitled to recover survival damages.

93.     CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS and DOES 1-10 and pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

94.     The conduct of DEFENDANT OFFICERS was willful, wanton, malicious, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

95.     Plaintiffs CATRINA, STEVEN, ANDREW, C.J., S.J. and N.J. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

Plaintiff SILOS brings this claim individually based on her financial dependancy on DECEDENT and seeks wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## **PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs SILOS, CATRINA, STEVEN, ANDREW; and C.J., S.J., and N.J. by their respective guardian ad litem request entry of judgment in their favor and against Defendants CITY, DEFENDANT OFFICERS and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law in an amount to be proven at trial;

B. For funeral and burial expenses and loss of financial support;

C. For punitive damages against the individual DEFENDANT OFFICERS in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorney's fees under state and federal law;

F. For such further relief at law or equity as the Court or jury may deem just and appropriate.

DATED: March 9, 2019                    LAW OFFICES OF MORALES & LEANOS


 /s/ Alfredo M. Morales
Alfredo M. Morales
Attorneys for Plaintiffs

## <u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs hereby demand a trial by jury.


DATED: March 9, 2019                LAW OFFICES OF MORALES & LEANOS



                                 /s/ Alfredo M. Morales
                                Alfredo M. Morales
                                Attorneys for Plaintiffs